William H. Healey, Esq.
**KLUGER HEALEY, LLC**
106 Apple Street, Suite 302
Tinton Falls, New Jersey 07724
(732) 852-7500
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL GOLLINGE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>RETAIL DESIGN SOLUTIONS, LLC; RUITENBERG DESIGN GROUP, LLC d/b/a RUITENBERG LIND DESIGN GROUP, LLC; K-FAB SERVICES, LLC; RUITENBERG DESIGN ASSOCIATES, LLC; PAUL RUITENBERG, III; and JILL RUITENBERG,<br><br>　　　　　Defendants. | Civil Action No. 18-<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff PAUL GOLLINGE ("Plaintiff") by his attorneys, KLUGER HEALEY, LLC, by way of complaint against the Defendants RETAIL DESIGN SOLUTIONS, LLC ("Design Solutions"), RUITENBERG DESIGN GROUP, LLC d/b/a RUITENBERG LIND DESIGN GROUP, LLC ("RDG"), K-FAB SERVICES, LLC ("K-Fab"), RUITENBERG DESIGN ASSOCIATES, LLC ("Ruitenberg Associates"), PAUL RUITENBERG, III ("Mr. Ruitenberg"), and JILL RUITENBERG ("Mrs. Ruitenberg") (collectively, "Defendants"), alleges as follows:

### NATURE OF THE ACTION

1.　This is a civil action for damages based upon Defendants' flagrant and willful violations of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Acts ("FLSA"), 29 U.S.C. § 207(a); (ii) the minimum wage provisions of the FLSA, 29

U.S.C. § 206(a); (iii) the overtime provisions of the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A., 34:1156a *et seq.*; (iv) the minimum wage provisions of the NJWHL, 34:11-56a *et seq.*; and (v) any other claim(s) that can be inferred from the facts set forth herein.

## JURISDICTION AND VENUE

2. This court has original jurisdiction over Plaintiff's actions arising under the FLSA pursuant to 28 U.S.C. § 1331, in that the action arises under federal law. This court has supplemental jurisdiction over Plaintiff's actions under the NJWHL pursuant to 28 U.S.C. § 1367, as Plaintiff's state law claims arise from the same transaction or occurrence as the claims arising under federal law.

3. This court has personal jurisdiction over Defendants, as the individuals are residents of the state of New Jersey and the limited liability companies each have their principal place of business in the state of New Jersey.

4. Venue is proper in this court pursuant to 28 U.S.C. § 1391, as all Defendants reside in, do business in, and a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district.

## PARTIES

5. At all relevant times herein, Plaintiff was and is a citizen of the state of New Jersey and was an "employee" of Defendants, entitled to protection, defined by the FLSA, NJWHL, and New Jersey common law.

6. Design Solutions is a limited liability company organized and existing under the laws of the state of New Jersey with a principal place of business at 1095 Cranbury South River Road, Suite 3, Jamesburg, New Jersey 08831.

7. RDG is a limited liability company organized and existing under the laws of the state of New Jersey with a principal place of business at 1095 Cranbury South River Road, Suite 3, Jamesburg, New Jersey 08831.

8. K-Fab is a limited liability company organized and existing under the laws of the state of New Jersey with a principal place of business located at 1095 Cranbury South River Road, Suite 3, Jamesburg, New Jersey 08831.

9. Ruitenberg Associates is a limited liability company organized and existing under the laws of the state of New Jersey with a principal place of business at 3207 Warren's Way, Wanaque, New Jersey 07465.

10. Mrs. Ruitenberg is the sole owner of Design Solutions and the president and chief executive officer of RDG and K-Fab, wholly owned subsidiaries of Design Solutions.

11. Mrs. Ruitenberg has, at all relevant times, exercised the power to hire, fire, and control the wages and working conditions of Plaintiff.

12. Mr. Ruitenberg was, at all relevant times (until December 2017), a director of RDG. He is also the husband of Mrs. Ruitenberg, and owner of Ruitenberg Associates.

13. Mr. Ruitenberg has, at all relevant times (until December 2017), exercised the power to hire, fire, and control the wages and working conditions of Plaintiff.

14. RDG was and remains engaged in the business of improving and remodeling retail environments, including all aspects of planning and design, as well as the construction and installation of fixtures, signage, flooring, lighting, and other décor.

15. K-Fab was and remains engaged in the business of fabricating and installing design installations for RDG.

16. On or about January 3, 2018, Mr. Ruitenberg formed Ruitenberg Associates.

17. Ruitenberg Associates is the successor to RDG and K-Fab as it performs similar work within the same geographical area, utilizes the same tools, equipment or facilities, and lists substantially the same work experience as its predecessors, RDG and K-Fab.

18. At all relevant times herein, Defendants are and were "employers" within the meaning of the FLSA, NJWHL, and New Jersey common law.

19. Additionally, at all relevant times herein, Defendants' qualifying annual business income exceeded $500,000.

20. Defendants engaged in interstate commerce within the meaning of the FLSA, as they have customers who originate from states other than New Jersey and use food products and materials that originate in other states, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## FACTUAL ALLEGATIONS

21. Plaintiff was employed by Defendants in or around June 2015 through in or around May 2018 with an approximate one month break in employment in or around December 2017.

22. Throughout his employment with Defendants, Plaintiff worked approximately 50 hours per week.

23. During Plaintiff's first period of work, lasting approximately 31 months or 124 weeks, Plaintiff was to be compensated at an hourly rate of $26.44/hour for hours worked up to 40 hours in a workweek. During this period of work, Plaintiff worked as an installer of signs and lights in grocery retail stores.

24. During Plaintiff's second period of employment, lasting approximately 26 weeks, Plaintiff was to be compensated as an exempt employee at a salary of $2,390.38 every other week.

25. Plaintiff was compensated for only two weeks for straight time worked during his second period working for Defendants.

26.     For each week that he worked more than 40 hours in a workweek, Plaintiff did not receive any compensation for any work he performed.

## COUNT ONE
Fair Labor Standards Act - Failure to Pay Minimum Wages
29 U.S.C. § 206(a)

27.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

28.     As provided by 29 U.S.C. § 206(a), employers are obligated to pay a "minimum wage" to their employees for each hour worked.

29.     The FLSA further requires that wages be paid promptly on regular payment dates.

30.     At all relevant times, Plaintiff was an "employee" as defined under 29 U.S.C. § 203. At no time during his employment was Plaintiff exempt from the minimum wage provisions of the FLSA.

31.     At all relevant times, each defendant was an "employer" as defined under 29 U.S.C. § 203.

32.     For certain weeks during Plaintiff's employment, Defendants did not pay Plaintiff the wages Defendants had agreed to pay nor did Defendants pay the minimum wage required by the FLSA.

33.     Additionally, Defendants did not promptly pay Plaintiff wages on regular payment dates as required by the FLSA.

34.     Defendants' violations of the FLSA were willful and intentional and/or were not in good faith. Defendants knew or should have known that the practices complained of herein were unlawful.

35.     Plaintiff is entitled to the minimum rate of pay for every hour worked per workweek.

36. Plaintiff is also entitled to liquidated damages and attorneys' fees for the Defendants' violations of the FLSA's minimum wage provisions.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly or severally, for unpaid wages recoverable under the FLSA, liquidated damages, attorney's fees and the costs of suit.

**COUNT TWO**
Fair Labor Standards Act - Failure to Pay Overtime Wages
29 U.S.C. § 207(a)

37. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

38. Pursuant to 29 U.S.C. § 207(a), "no employer shall employ any of his employees who in any workweek is engaged . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

39. At all relevant times, Plaintiff was an "employee" as defined under 29 U.S.C. § 203. At no time during his employment was Plaintiff exempt from the overtime provisions of the FLSA.

40. At all relevant times, each defendant was an "employer" as defined under 29 U.S.C. § 203.

41. Defendants violated the FLSA by failing to compensate Plaintiff at a rate of one and one-half times his regular rate of pay for any hours worked in excess of 40 hours per week in violation of 29 U.S.C. § 207(a).

42. Defendants' violations of the FLSA were willful and intentional and/or were not in good faith. Defendants knew or should have known that the practices complained of herein were unlawful.

43. Plaintiff is entitled to his overtime pay for all hours worked each week in excess of 40 at the rate of one and on-half times his regular rate of pay.

44. Plaintiff is also entitled to liquidated damages and attorneys' fees for the Defendants' violations of the FLSA's overtime provisions.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly or severally, for unpaid wages recoverable under the FLSA, liquidated damages, attorney's fees and the costs of the suit.

## COUNT THREE
New Jersey Wage and Hour Law – Failure to Pay Minimum Wage
N.J.S.A. § 34:11-56a4

45. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

46. Pursuant to N.J.S.A. § 34:11-56a4, employers are obligated to pay a "minimum wage" to their employees for each hour worked.

47. At all relevant times, Plaintiff was an "employee" as defined by the NJWHL. At no time during his employment was Plaintiff exempt from the minimum wage provisions of the NJWHL.

48. At all relevant times, each defendant was an "employer" as defined by the NJWHL.

49. For certain weeks during Plaintiff's employment, Defendants did not pay Plaintiff the wages Defendants had agreed to pay nor did Defendants pay the minimum wage required by NJWHL.

50. Plaintiff is entitled to the minimum rate of pay for every hour worked per workweek.

51. Plaintiff is also entitled to interest and attorneys' fees for the Defendants' violations of the NJWHL's minimum wage provisions.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, jointly or severally, for unpaid wages recoverable under the NJWHL, interest, attorney's fees and the costs of the suit.

## COUNT FOUR
New Jersey Wage and Hour Law – Failure to Pay Overtime
N.J.S.A. § 34:11-56a4

52. Plaintiff incorporates the allegations contained in the previous paragraphs of this complaint as if fully set forth herein.

53. Pursuant to N.J.S.A. § 34:11-56a4, employers are required to compensate their employees at a rate not less than one and one-half times their regular rate of pay for any hours worked in excess of 40 in a workweek.

54. At all relevant times, Plaintiff was an "employee" as defined by the NJWHL. At no time during his employment was Plaintiff exempt from the overtime provisions of the NJWHL.

55. At all relevant times, each defendant was an "employer" as defined by the NJWHL.

56. Defendants violated the NJWHL by failing to compensate Plaintiff at a rate of one and one-half times his regular rate of pay for any hours worked in excess of 40 hours per week in violation of N.J.S.A. § 34:11-56a4.

57. Plaintiff is entitled to his overtime pay for all hours worked each week in excess of 40 at the rate of one and on-half times his regular rate of pay.

58. Plaintiff is also entitled to interest and attorneys' fees for the Defendants' violations of the NJWHL's overtime provisions.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly or severally, for unpaid overtime wages recoverable under the NJWHL, interest, attorney's fees and the costs of the suit.

## COUNT FIVE
Breach of Contract

59. Plaintiff incorporates the allegations contained in the previous paragraphs of this complaint as if fully set forth herein.

60. Plaintiff and Defendants agreed that from 2015 through 2017 Plaintiff's straight time hourly rate for work performed was to be $26.44/hour and, for straight time worked during 2018, Plaintiff was to be paid a salary of $2,390.38 every other week.

61. Plaintiff worked for Defendants from June 2015 through May 2018.

62. Defendants failed to compensate Plaintiff for time worked in accordance with their wage agreement.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly or severally, for unpaid wages, together with interest and the cost of suit.

## COUNT SIX
Unjust Enrichment

63. Plaintiff incorporates the allegations contained in the previous paragraphs of this complaint as if fully set forth herein.

66. Through their failure to reimburse Plaintiff for his out of pocket business expenses and medical expenses, Defendants have benefited and continue to benefit.

67. When Plaintiff paid for his out of pocket business expenses and medical expenses, both he and Defendants understood that he would be reimbursed.

68. Defendants would be unjustly enriched, if they retain the benefits without reimbursing Plaintiff.

69. Plaintiff has suffered and continues to suffer damages from Defendants failure to reimburse him for the out of pocket business expenses and medical expenses.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly or severally, for unreimbursed expenses, together with interest and the cost of suit.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues so triable

Dated: December 5, 2018

                                        **KLUGER HEALEY, LLC**

                                        By:   /s William H. Healey
                                                WILLIAM H. HEALEY

                                        106 Apple Street, Suite 302
                                        Tinton Falls, New Jersey 07724
                                        (732) 852-7500
                                        *Attorneys for Plaintiff*